# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

**No. 21-7025**

**September Term, 2021**

FILED ON: JUNE 24, 2022

JAMAL J. KIFAFI, INDIVIDUALLY, AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,
APPELLANT

v.

HILTON HOTELS RETIREMENT PLAN, ET AL.,
APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:98-cv-01517)

Before: WILKINS, KATSAS and WALKER, *Circuit Judges*

## J U D G M E N T

This appeal was considered on the record, briefs, and oral arguments of the parties. The Court has accorded the issues full consideration and determined that they do not warrant a published opinion. *See* FED R. APP. P. 36; D.C. CIR. R. 36(d). For the reasons set out below, it is

**ORDERED AND ADJUDGED** that the judgment of the District Court be **REVERSED** and the case **REMANDED**.

Over two decades ago, Appellant Jamal Kifafi, on behalf of himself and similarly situated individuals, alleged that Appellees Hilton Hotels Retirement Plan, et al. had violated the Employee Retirement Income Security Act. *See* 29 U.S.C. §§ 1053(b), 1054. The District Court agreed, *see Kifafi v. Hilton Hotels Ret. Plan*, 616 F. Supp. 2d 7 (D.D.C. 2009), entering a permanent injunction to rectify those violations in 2011. *See* Aug. 31, 2011 Order*,* ECF No. 258 (J.A. 90-100). We affirmed the District Court's remedial orders in 2012. *See Kifafi v. Hilton Hotels Ret. Plan*, 701 F.3d 718 (D.C. Cir. 2012). After finding that Hilton was "in compliance" with the injunction, Feb. 4, 2015 Order, ECF No. 400, at 12 (J.A. 132, 147), the Court terminated its "jurisdiction" over the matter on December 7, 2015. Dec. 7, 2015 Order, ECF No. 433, at 1 (J.A. 174) ("It is further **ORDERED** that the Court's jurisdiction over this matter has now concluded, as of this Order, and that this action is DISMISSED in its entirety.") (emphasis in original). Although the District Court used the term "jurisdiction," we did not construe that term to mean actual subject matter jurisdiction. Instead, we affirmed the District Court's decision "to end its active supervision of

the permanent injunction." *Kifafi v. Hilton Hotels Ret. Plan*, 752 F. App'x 8, 9 (D.C. Cir. 2019).

In recognizing the District Court's discretion to determine when to end active oversight of a *permanent* remedial order, we acknowledged that "[t]he court's relinquishment of jurisdiction did not terminate the underlying [permanent] injunction." *Id.* At some point, active supervision must end. Courts cannot supervise parties forever. That practical consideration notwithstanding, "[t]he power of a federal court to protect and enforce its judgments is unquestioned." *Marshall v. Loc. Union No. 639, Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., Inc.*, 593 F.2d 1297, 1302 (D.C. Cir. 1979). "Should the implementation break down, class members retain the enforcement rights of a party to a permanent injunction." *Kifafi*, 752 F. App'x at 9. Under those circumstances, a Court is empowered to order relief as it sees fit. That decision is subsequently entitled to deference. *Sims v. Johnson*, 505 F.3d 1301, 1305 (D.C. Cir. 2007).

On May 5, 2020, Kifafi returned to the District Court with concerns that just such a breakdown had occurred. He requested that the District Court reopen the case and issue an order requiring Appellees: to (1) show cause for why they should not be held in civil contempt of the permanent injunction; and (2) order Hilton to provide an equitable accounting of the implementation of the injunction since the District Court's conclusion of active supervision. Hilton opposed the motion and requested an order enjoining Kifafi from initiating class-wide communications without the court's authorization. After summarizing over two decades of procedural history, the Court denied both motions "[b]ecause [its] jurisdiction in this matter ended over five years ago." *See Kifafi v. Hilton Hotels Ret. Plan*, No. CV 98-1517 (CKK), 2021 WL 1051558, at *2 (D.D.C. Mar. 1, 2021) ("2021 Order").

Kifafi appealed. He argues that the District Court's decision, denying his motion solely because its jurisdiction had ended in 2015, does not comport with this Court's 2019 judgment confirming class members' ongoing enforcement rights. *See Kifafi*, 752 F. App'x at 9. Kifafi also urges us to review the District Court's decision *de novo* rather than for an abuse of discretion because the Court did not provide any discretionary assessment of the evidence he submitted in support of his motion. *See Sims*, 505 F.3d at 1305.

We decline to review Kifafi's motion *de novo* but find that the District Court erred.

"In reviewing for an abuse of discretion, the Court considers whether the decision maker failed to consider a relevant factor, whether the decision maker relied on an improper factor, and whether the reasons given reasonably support the conclusion." *Peyton v. DiMario*, 287 F.3d 1121, 1126 (D.C. Cir. 2002) (internal quotation marks and alterations omitted). The District Court's 2021 Order provides one reason for denying Kifafi's motion—the termination of its jurisdiction. Hilton suggests that there are other reasons that justify the Court's decision based on its own assessment of Kifafi's evidence and the Court's explanations for denying similar motions that Kifafi filed in the past, but those substantive assumptions are absent from the District Court's March 2021 Order. Instead, the District Court clearly stated that it was denying the motion "[b]ecause this Court's jurisdiction in this matter ended over five years ago," 2021 Order, 2021 WL 1051558, at *2, as if the court had no authority to enforce the injunction due to this fact. For the reasons stated above, the District Court does have such authority. Because "[a] district court abuses its discretion when it applies the wrong legal standard," *Amador Cnty. v. U.S. Dep't of the*

*Interior*, 772 F.3d 901, 903 (D.C. Cir. 2014), denying the motion to enforce the injunction on this ground was an abuse of discretion.

In sum, the District Court retains jurisdiction to enforce the 2011 permanent injunction against Hilton. Accordingly, the District Court's termination of its active supervision cannot reasonably support the denial of Kifafi's motion. Consistent with the foregoing, we vacate the District Court's 2021 Order and remand the case to the District Court for further proceedings consistent with this judgment.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc*. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41(a)(1).

**<u>Per Curiam</u>**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:  /s/
Daniel J. Reidy
Deputy Clerk